**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc.,

Plaintiff,

v.

Local 2000, International Brotherhood of Teamsters; Billie Davenport; Al Habib; Danny Campbell; Anne Toombs; Lovey Offerle; Joan Prince Crandall; Shadlea Bennett-Williams; Andrew Damis; Contract Action Team of Local 2000; HAVOC Committee of Local 2000; Rank and File Action Team of Local 2000; Jose Ibarra, Kristi Valenzuela; Bierne Desilets; Scott Vanspeybroeck; Carl Badynee; Dorothy Hutchinson; Ashley McNeely; Khaki Androsiuk; Gary Helton; Bob Boehm; Lou Rudy; Kevin Griffin; Ted W. Reeve; International Brotherhood of Teamsters, AFL-CIO; John Does 1-100; and Jane Does 1-100,

Defendants.

Civil No. 00-08 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Timothy R. Thornton, Esq., Briggs & Morgan, 2400 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, and John J. Gallagher, Esq., counsel for Plaintiff.

Richard A. Miller, Esq., Michael Bloom, Esq., and Daniel J. Froehlich, Esq., Miller O'Brien Bloom, P.L.L.P., 1208 Plymouth Building, South 6th Street, Minneapolis, MN 55402-1529; Roland P. Wilder, Jr., Esq., Baptistes & Wilder, 1150 Connecticut Ave. NW, Suite 500, Washington, D.C. 20036, counsel for Defendants International Brotherhood of Teamsters, AFL-CIO; Local 2000, International Brotherhood of Teamsters; and Billie Davenport.

Andrew E. Tanick, Esq., and Gerald T. Laurie, Esq., Lapp Laurie Libra Abramson & Thomson, 120 6th Street South, Suite 2500, Minneapolis, MN 55402; Paul A. Levy, Esq., Public Citizen Litigation Group, 2000 P Street NW, Suite 700, Washington, D.C. 20036; Barbara Harvey, Esq. Harvey Law Office, 645 Griswold Avenue, Suite 1800, Detroit, MI 48226, counsel for Defendants Kevin Griffin and Ted W. Reeve.

---

JAN 24 2000

This matter is before the Court upon Plaintiff Northwest Airlines, Inc.'s appeal of Magistrate Judge Arthur J. Boylan's order of January 11, 2000. Specifically, Northwest is appealing paragraphs 3, 4, and 5 of the order. Defendant has filed a memorandum of law in opposition to Plaintiff's appeal of the order. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). Moreover, Local Rule 72.1(b)(2) states, in part, that "[t]he Judge may also reconsider any matter *sua sponte*." For the reasons stated herein, the Court modifies paragraphs 3, 4, and 5 of Magistrate Judge Boylan's order of January 11, 2000, as set forth below. The Court does not find Magistrate Judge Boylan's order to be clearly erroneous or contrary to law. However, because of the scope of this Court's temporary restraining order filed on January 5, 2000, the Court has reconsidered the issues raised before Magistrate Judge Boylan *sua sponte* pursuant to Local Rule 72.1(b)(2); accordingly, the Court modifies the January 11, 2000, order of Magistrate Judge Boylan, consistent with that reconsideration.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Paragraphs 1 and 2 of Magistrate Judge Arthur J. Boylan's order of January 11, 2000 (Doc. No. 16) are **AFFIRMED**.

2. The scope of the depositions and other discovery shall be limited to the time frame of April 1, 1999, to the previously established discovery cut-off date of February 8, 2000, consistent with the time frame established in the record before the Court when the temporary restraining order was issued on January 5, 2000. Further, the scope of the discovery shall be limited to the issue alleged in the complaint, specifically the concerted sick-out, except to the extent the information sought involves circumstantial evidence of the alleged sick-out or is information reasonably

calculated to lead to discovery of admissible evidence relating to the sick-out. To that extent, paragraph 3 of Magistrate Judge Boylan's order of January 11, 2000, is **MODIFIED**.

3. That any inquiry into issues relating to Defendant Local 2000 and the International Brotherhood of Teamsters' negotiation-strike strategy and goals shall be prohibited except to the extent the information sought is reasonably calculated to lead to discovery of admissible evidence relating to complaint allegations of a concerted sick-out strategy or campaign. To that extent, paragraph 4 of Magistrate Judge Boylan's order of January 11, 2000, is **MODIFIED**.

4. The discovery cut-off date shall be February 8, 2000. To the extent the Court has changed the date by agreement of the parties to February 8, 2000, based upon an assumption that there was a typographical or transcriptional error, paragraph 5 of Magistrate Judge Boylan's order of January 11, 2000, is **MODIFIED**.

Dated: January 24, 2000

DONOVAN W. FRANK
Judge of United States District Court

## MEMORANDUM

Magistrate Judge Arthur J. Boylan's order of January 11, 2000, is neither clearly erroneous nor contrary to law if reviewed by the Court separate from the temporary restraining order that was entered on January 5, 2000, by this Court. The Court has simply modified the order, consistent with the parameters established in that temporary restraining order and consistent with the record that was before the Court on the motion for a temporary restraining order. In the Court's view, given the timing of the discovery request by the parties, there is no reasonable way Magistrate Judge Boylan could have known of the scope of the existing record at that time.

The record before the Court on January 5, 2000, consistent with the allegations set forth in the complaint, clearly requires discovery of events between April 1999 through the discovery deadline of February 8, 2000. The later closing date is necessary so that the parties can establish circumstantial evidence, or a lack thereof, with respect to the continued existence of a sick-out or the threat of a sick-out.

It is this Court's view that Plaintiff is entitled to seek information which is reasonably calculated to lead to the discovery of admissible evidence involving the sick-out. Given the record before the Court on January 5, 2000, such evidence would include the particulars of the HAVOC campaign and the Contract Action Team efforts, so long as there is an evidentiary nexus between the information sought and the alleged sick-out. To that extent, the discovery could clearly involve information of other illegal job actions as long as there is a relationship to the sick-out alleged in the complaint. On the record before the Court, it would be unreasonable to conclude that either party could somehow compartmentalize the activities of the Union, the HAVOC campaign, or the Contract Action Team planning for evidentiary purposes. If there is a fine line between some of these activities, a fair and common sense approach should resolve the close issues with a minimum of court involvement, although *in camera* reviews or further motions for protective orders may be necessary.

Conversely, the Court will not permit any inquiry into issues relating to Defendant Local 2000's negotiations or strike strategy. It may well be that there will be a fine line of demarcation between alleged planning, authorization or ratification of the alleged sick-out vis-a-vis strike strategy of Defendant Local 2000 and the International Brotherhood of Teamsters. The negotiation and lawful strike strategy of Defendant Local 2000 and the International Brotherhood of Teamsters is confidential and privileged and there is no circumstance under which the Plaintiff

should be entitled to inquire into those specific issues. The parties, therefore, should proceed accordingly with that distinction in mind.

Thus, for the reasons stated, the Court has modified Magistrate Judge Boylan's order of January 11, 2000, consistent with the parameters established in the temporary restraining order of January 5, 2000.

The parties should proceed with discovery, absent settlement, consistent with Magistrate Judge Boylan's order of January 11, 2000, as modified, and consistent with the order of this Court. If the parties do so, there should be little need for involvement of the Court in administration of the discovery process prior to the preliminary injunction hearing.

D.W.F.