UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

NORTHWEST AIRLINES, INC., Civil No. 00-08 DWF/AJB

Plaintiff,

v. ORDER

LOCAL 2000 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, ET AL.,,

Defendants.

---

The above matter came on for hearing before the undersigned Magistrate Judge of the above-named Court, St. Paul, Minnesota, on February 7, 2000. Tim Thornton and John Gallagher appeared on behalf of plaintiffs. Paul Levy and Barbara Harvey appeared on behalf of defendants.

A number of discovery motions were considered by the Court during a telephone conference attended by the above-named attorneys. The Court having considered the arguments of the attorneys in reference to each hereby makes the following orders:

1. Defense attorneys have in their possession documents which are responsive to a discovery request previously served upon the defendants by plaintiffs. Many of these documents may appear in electronic form on the computer hard drives of the defendants which hard drives are the subject of prior Court orders. Irrespective of said prior orders, the defense attorneys are hereby ordered to review the hard copy documents

Filed FEB 08 2000
Francis E. Dosal, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

that they have in their possession and are to deliver all such documents that fall within plaintiff's discovery demand that are not privileged. For each document for which defendants claim a privilege, they should prepare a log identifying in writing each document or communication the other side has requested in discovery that the party claims are privileged and identify the applicable privilege for each such document for which a claim is made. For each document or communication the defendant should describe the type of document (e.g., letter, memo) as follows: (1) its length and a description of any enclosures or accompanying documents claimed to be privileged. Any enclosure or accompanying document that is not claimed to be privileged in and of itself should be produced unless it would somehow disclose the information claimed to be privileged or result in a waiver of the privilege, (2) its general subject matter, (3) the date on the document and/or when it was created; if there is no specific date, a best estimate of when it was created, (4) its author(s), including for each his or her last known address, (5) each addressee and/or recipient, including his or her last known address, and, if not apparent, his or her relationship to the author(s), and (6) the type of privilege (e.g., attorney-client privilege, work product, etc.) being claimed. Defendants shall provide said documents and said privilege log for those documents not disclosed by 4:30 p.m. on February 9, 2000.

2. The parties discussed discoverability of two CD-ROMs in the possession of defense attorneys. The Court orders that those compact discs be

delivered to Ernst & Young pursuant to this Court's previous Order relating to computer and electronic information. Said delivery shall take place as soon as possible following the parties receiving this Order.

3. The Court considered the imposition of a protective order relating to a subpoena served upon a third-party web server managing a web page maintained by one of the defendants. Plaintiffs seek the identity of visitors to defendant's web page who had posted anonymous messages on defendant's web page relating to the controversy at issue. The Court denied defendants' request for a protective order determining that the defendant had no standing to object to the subpoena.

4. The Court ordered that the duty to use the information in documents obtained through discovery for this litigation only, applied to both plaintiffs and defendants and that said discoverable information could not be used for purposes other than this litigation without express order of the Court.

Dated: 2/8/00

ARTHUR J. BOYLAN
United States Magistrate Judge