**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 00-CV-08 DWF/AJB

NORTHWEST AIRLINES, INC.,

Plaintiff,

v.

**ORDER ON MOTION TO COMPEL**

LOCAL 2000, et al.,

Defendants.

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel. Hearing was held on February 11, 2000. Tim Thornton, Esq. appeared on behalf of plaintiff. Barbara Harvey, Esq., appeared in person and Paul Levy, Esq., appeared by telephone on behalf of defendant Kevin Griffin.

Based upon the file and documents contained therein, along with memoranda and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiff's motion is **denied**. [Docket No. 68].

Dated: 2/14/00

Arthur J. Boylan
United States Magistrate Judge



FILED FEB 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff Northwest Airlines, Inc. [hereinafter Northwest] has moved the Court to compel defendant Kevin Griffin [hereinafter Griffin] to produce any data within his possession, custody or control from which Northwest might be able to determine the identities of two individuals who posted anonymous messages on his web site on February 4, 2000. Northwest contends the postings violate the Temporary Restraining Order and the Railway Labor Act. Northwest suggests that Griffin has the ability to determine who posted the messages because he has published the electronic signature data for an anonymous posting that he found objectionable in the past.

Griffin argues it is improper to require him to perform an investigation to discover the posters' identities when the same information that is available to him is available publicly to anyone with access to the Internet and the proper software. In response to an objectionable posting in the past, he obtained the name of the Internet Service Provider [ISP] from whose facilities the anonymous message had been sent and published the name of the provider on his web site inviting interested persons to contact the provider for information about the poster. He obtained this information by examining the Internet Protocol numbers that are publicly listed on the web site as the "remote name" for each posting. He then employed generally available software to search the Internet for the name of the ISP who controlled the particular Internet Protocol number for the objectionable posting. Griffin contends forcing him to do such research whenever Northwest disapproves of any posting will make the price of maintaining his web site so high that he would be forced to abandon it. He objects to such a burden.

Federal Rule of Civil Procedure 26(b)(1) requires the parties to produce information that is relevant to the subject matter of the litigation which is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1) provides the court with discretion to otherwise limit the scope of discovery. Griffin has disclosed the procedure available to him to obtain the names of anonymous posters of messages to his web site. The same procedure is available to anyone possessing the proper software. Northwest's interest in obtaining this information is to determine which, if any, defendants in this case have violated the Temporary Restraining Order. The information is not directly relevant to Northwest's case against Griffin. Therefore, the Court finds that the burden to discover the identities of the posters properly lies with Northwest.