**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc.,

Plaintiff,

v.

Local 2000, International Brotherhood of Teamsters; Billie Davenport; Al Habib; Danny Campbell; Anne Toombs; Lovey Offerle; Joan Prince Crandall; Shadlea Bennett-Williams; Andrew Damis; Contract Action Team of Local 2000; HAVOC Committee of Local 2000; Rank and File Action Team of Local 2000; Jose Ibarra, Kristi Valenzuela; Bierne Desilets; Scott Vanspeybroeck; Carl Badynee; Dorothy Hutchinson; Ashley McNeely; Khaki Androsiuk; Gary Helton; Bob Boehm; Lou Rudy; Kevin Griffin; Ted W. Reeve; International Brotherhood of Teamsters, AFL-CIO; John Does 1-100; and Jane Does 1-100,

Defendants.

Civil No. 00-08 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Tim Thornton, Esq., Briggs & Morgan, 2400 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, for Plaintiff.

Michael Bloom, Esq., Miller O'Brien Bloom, P.L.L.P., 1208 Plymouth Building, South 6th Street, Minneapolis, MN 55402-1529, for Defendants International Brotherhood of Teamsters, AFL-CIO; Local 2000, International Brotherhood of Teamsters; and Billie Davenport.

Paul Levy, Esq., Public Citizen Litigation Group, 2000 P Street Northwest, Suite 700, Washington, D.C. 20036, and Barbara Harvey, Esq., Harvey Law Office 645 Griswold Avenue, Suite 1800, Detroit, MI 48226, for Defendants Kevin Griffin and Ted W. Reeve.

---

The above-entitled matter is before the Court on Defendants Griffin and Reeve's motion for an extension to appeal from a discovery order entered by Magistrate Judge Arthur Boylan on

FILED FEB 29 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

February 2, 2000. Plaintiff opposes the Defendants' request for an extension. For the reasons stated below, the motion of Defendants Griffin and Reeve is granted.

The discovery order at issue provides that Defendants Griffin and Reeve (hereinafter "Defendants") should surrender the hard drives of their home computers to the accounting firm of Ernst and Young; that Ernst and Young should make "mirrors" or copies of those hard drives; that Ernst and Young should search those copies employing a particular protocol for documents, within certain date restrictions, containing key words relevant to this litigation; that Ernst and Young should make hard copies of all documents meeting the criteria of the protocol; that Ernst and Young should deliver those hard copies to the counsel for Defendants for review; that Defendants should create a privilege and objection log with respect to the delivered documents; and that Defendants should surrender all non-privileged documents to Plaintiff. The Court notes that, contrary to the apparent public perception of this discovery process, the Plaintiff has had no direct access to the Defendants' hard drives and will not have such direct access at any point in the future.

Defendants argue that they did not file an immediate appeal from the February 2, 2000, discovery order because of "the preliminary injunction context in which that order was granted . . . ." This argument for an extension, alone, is unpersuasive. The public posture of counsel for Defendants has been to portray the dictates of the discovery order as an egregious infringement upon the rights of these two individual Defendants. Nevertheless, Defendants did not request that this Court stay the preliminary injunction hearing to allow time for an appeal, stay the discovery process itself, or grant expedited review of the discovery order. While the Court recognizes that the scheduled preliminary injunction hearing created certain time pressures with respect to discovery, the Court also recognizes that–if the Defendants' privacy rights were

so deeply offended by the Magistrate Judge's order–the Defendants did have procedures available to them to allow for an immediate appeal of the discovery order. The Defendants did not invoke any of those available procedures.

The Court further notes that, from the inception of this litigation, the Court has made every effort to make itself and its staff available to all the parties of this case. From the beginning, the Court has explicitly recognized the important public policy issues raised by various aspects of this case and has gone to great lengths to facilitate the prompt resolution of the controversy. Despite that availability and despite the Defendants' position that the discovery order implicates serious legal issues, the Defendants did not approach this Court requesting *any* form of relief until February 15, 2000–nearly two weeks after the issuance of the discovery order.

That being said, the Court does further note that the discovery process at issue has not been completed, that implementation of that process has given rise to several disputes, that the dissolution of the TRO against the Defendants eliminates any potential time constraint, and that neither party will be unduly prejudiced by an extension of the time to appeal. Moreover, the Court confesses some interest in the parties' position with respect to the February 2 discovery order. The Court has read both the order itself and the public representations of the order made by the parties. Frankly, the Court is unable to reconcile the public portrayal of the order with the terms of the order itself. The Court is hopeful that, in the context of a briefing on an appeal from the discovery order, the discrepancies between the parties' perceptions of the order (as stated publicly) and the actual language of the order can be eliminated or, at a minimum, reconciled. The Court reserves the right to schedule a hearing on the appeal after reading the briefs submitted by the parties.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. That Defendants Griffin and Reeves' Motion for an Extension of Time to File an Appeal from the Discovery Order of February 2, 2000 (Doc. No. 78), is **GRANTED**;

2. That the deadline for filing such an appeal and the supporting brief is extended to March 8, 2000;

3. That, consistent with Local Rule 72.1(b)(2), the responsive brief shall be filed no later than March 17, 2000; and

4. That, after the briefing on the appeal is complete, the Court shall notify the parties if the Court determines that a hearing would be beneficial and shall determine a mutually agreeable time for such hearing.

Dated: February 29th, 2000

DONOVAN W. FRANK
Judge of United States District Court