**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Northwest Airlines, Inc.,

Plaintiff,

v.

Local 2000, International,
Brotherhood of Teamsters,
AFL-CIO, et al.,

Defendants.

Civil No. 00-08 (DWF/AJB)

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

This matter came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on February 29, 2000, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, on defendant Local 2000's motion for protective order [Docket No. 89], requesting that electronically stored information in the possession of Ernest & Young be placed in the Court's custody; that plaintiff provide a status report on computer searches; that plaintiff document the chain of custody of computer equipment and information copies; that plaintiff provide mirror hard drive copies to certain individual defendants; and that compliance certification be provided to the Court. The moving defendants also seek an award of attorney fees. Timothy R. Thornton, Esq., appeared in person and John J. Gallagher, Esq., appeared by telephone on behalf of the plaintiff. Michael B. Bloom, Esq., and Daniel J. Froehlich, Esq., appeared in person on behalf of Local 2000. Paul Alan Levy, Esq., appeared by telephone on behalf of individual defendants Griffin and Reeve.

Based upon the file, memorandums, and arguments of counsel, the Court hereby makes the following **ORDER:**

MAR 0 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Defendant Local's motion for protective order is **granted in part and denied in part** [Docket No. 89].

2. All discovery relating to all parties in this matter is **stayed** pending dismissal or further action by the Court.

3. Defendant Northwest Airlines, through its contact person at Ernst & Young, shall obtain a fully executed copy of the "Protocol for Inspection and Copying of Computer and Communications Equipment" from Ernst & Young, pursuant to which Ernst & Young shall acknowledge that it understands and agrees to comply with terms of the protocol as stated in the version of the protocol that is attached to this Order. This protocol contains modifications to paragraph No. 3, No. 5, and No. 6. The executed protocol shall be filed with the Court and copies shall be provided to counsel in this matter before March 7, 2000.

4. Defendant Northwest Airlines, through its contact person at Ernst & Young, shall obtain the name, telephone number and a FAX number for an employee of Ernst & Young who shall serve as a fully informed contact person for defendant Local 2000. The Court will neither require nor prohibit Ernst & Young from assigning the same individual to serve as contact person for all parties. However, the designated person shall be fully informed with respect to the protocol and Ernst & Young's role and responsibilities in this matter and shall be identified to the Local on or before March 6, 2000.

5. Ernst & Young shall prepare and provide the parties with a chain of custody log, therein documenting the chain of custody of electronic storage equipment in its custody pursuant to this litigation and further documenting the sources of particular items of retrieved information and any subsequent disclosures of the retrieved material. This log shall be provided

to all parties on or before March 10, 2000.

6. Defendant's request for sanctions is **denied**.

Dated: 3/2/00

Arthur J. Boylan
United States Magistrate Judge

# PROTOCOL FOR INSPECTION AND COPYING OF COMPUTER AND COMMUNICATIONS EQUIPMENT
**(attached to Court Order dated March 2, 2000)**

1. **Place of Production**. Any discovery requests and/or subpoenas issued by Northwest for equipment shall specify that the equipment will be produced at the offices of Ernst & Young nearest to the site of the equipment. Northwest will advise you further, if, at the request of any respondent, or by Order of the Court, alternative arrangements are to be made for you to review the equipment either at the site where it is located or at some other site.

2. **Minimize Disruption or Interference**. Consistent with the schedule of this litigation, you shall endeavor to conduct your inspection to the extent possible, in a manner which is least intrusive or disruptive of the normal activities or business operations of the person or organization producing the equipment.

3. **Only Ernst & Young to Review**. When any equipment is produced to you, the only persons authorized to inspect or otherwise handle such equipment shall be employees of Ernst & Young assigned to this project. No employee of Northwest Airlines, the International Brotherhood of Teamsters or Local 2000, or other named parties, or their respective counsel, will inspect or otherwise handle the equipment produced.

4. **Receipts**. Your personnel should provide a receipt for the equipment when it is delivered to you, including a description of the type of equipment, computer manufacturer, model number and serial number; hard drive manufacturer, model number and serial number; and any network card manufacturer, model number, serial number, and MAC address wherever possible. Likewise, you should obtain a similar receipt when you return the equipment. Ernst & Young should document the chain of custody of the equipment and of any copies or information drawn from the equipment.

5. **Limited Scope of Inspection**. It is understood from your representations that the standard practice among experts in computer forensics is to make a "mirror image" of any disc drive, or other storage device and then to utilize search methodologies to locate responsive words, phrase, data, documents, messages or fragments thereof (hereinafter "Data") contained on the mirror image. The Court has limited discovery to the period between April 1, 1999, and February 8, 2000. In order to protect the privacy interest of the

person producing the equipment, except to the extent necessary to search for responsive Data, you shall not read or review Data on the equipment which does not fall within the discovery period and does not relate to the persons or subject matter listed on Attachment A to these instructions. Ernst & Young shall retain custody of the mirror image until conclusion of this litigation, at which time you shall destroy the mirror image and shall issue written confirmation of that fact to the Court and to the person or organization who produced the equipment.

6. **Produce Copies of Responsive Information**. Whenever your inspection of equipment identifies Data that you deem to be responsive to Attachment A, you shall designate the item on a checklist/index. The listing form shall contain a line for each item of data followed by separate spaces/boxes which may be checked (by defendants only) to designate any objections based upon (1) privilege; (2) negotiation or strike strategy; (3) relevance; (4) other (specified). You shall make three paper copies of each such item, retaining one copy for your records and delivering one copy, along with the prepared checklist, to the attorney representing the party to whom the date belongs. Upon notification by defense counsel you shall release particularly identified documents to counsel for plaintiff Northwest. Copies of documents not released to Northwest shall be retained by counsel for safekeeping pending determination of discoverability. Upon request of the person producing the equipment, you may provide to that person a copy of any document you have copied for Northwest. You shall not otherwise copy, or disclose, the contents of the equipment.

7. **Qualification of Personnel; Verification of Procedures**. You shall be responsible for ensuring that all personnel assigned to this project are qualified and experienced in the field of computer forensic investigations and operate under the direction and control of one or more individuals qualified to serve as expert witnesses on the subject of computer forensic investigations. You shall also be responsible for confirming in writing, and testifying under oath, if necessary, that you have strictly followed the foregoing procedures.

8. **No changes to these Procedures Without Written Notice**. There shall be no change in the foregoing instructions without prior written notice to the parties. Please confirm such notice before accepting any propose changes to these procedures.

9. **Acknowledgment and Agreement**. Please confirm by an authorized signature below your receipt of, and agreement to be bound by, the foregoing procedures.

Accepted and Agreed:

____________________________
Ernst & Young

By: ____________________________

By: ____________________________

Dated: ________________________

## ATTACHMENT A

1. All Data discussing, concerning or relating to Northwest flight attendants calling in sick, being unavailable for contact by crew scheduling, flying high time or not flying high time, or failing to report to work because they claimed they were sick or might claim they were sick between December 1, 1999, and February 8, 2000.

2. All Data discussing, concerning or relating to any component of a HAVOC campaign, featuring a planned or actual sick-out before release by the NMB by Local 2000, its subordinate units, or Northwest flight attendants, acting collectively, before expiration of the status quo period.

3. All Data discussing, concerning or related to sick calls or to any concerted sick-out, strike, slowdown, work-to-rule, or other job action by Northwest flight attendants before release by the NMB sent to or from or generated by:

   a. The HAVOC Committee, by HAVOC Coordinators or volunteers, or by any other individuals acting on behalf of the HAVOC Committee,[1] or

   b. The Contract Action Term ("CAT"), or by Contract Action Term officials or volunteers, or by any other individuals acting on behalf of the Contract Action Team, or

   c. The Rank and File Action Team, or by Rank and File Action Team officials or volunteers, or by any other individuals acting on behalf of the Rank and File Action Team, or

   d. Local 2000, its subordinate units, or any Northwest flight attendants, acting collectively, before expiration of the status quo period, or

   e. Any off the following individuals or e-mail address:

      (1) Khaki Androsiuk: skyhag@uswest.net
      (2) David Barrow West: local2000ax@csi.com
      (3) Bob Boehm: mwab@aol.com
      (4) Danny Campbell: local2000ST@aol.com or

---

[1] Northwest does not seek any data relating to the negotiating positions or collective bargaining strategies of Local 2000, or to any data relating to the Union's strike strategies after self-help is permissible.

local2000ST@csi.com

(5) David Cave
(6) Joan Crandall
(7) Andy Damis: andydb@csi.com or andydamis@earthlink.net or andydamis@nwafa.org
(8) Eunice DePinto: eunivac@aol.com
(9) Bierne Desilets: bosfly@aol.com
(10) Tim Dougherty: tim.daugherty@local2000.org
(11) Peter Fiske: dingfu@csi.com
(12) Tom Geiman: 70284.2775@csi.com
(13) Kevin Griffin
(14) Dana Hansen: a7jet1@juno.com
(15) Gary Helton
(16) Dorothy Hutchison: dorothy@lava.net
(17) Jose Ibarra: prinet@earthlink.net or prinet@earthlink.com
(18) Kathy Jo Smith: kathyjo.smith@local2000.org
(19) JoAnne Kazemi: local2000sfo@csi.com
(20) Lynn Kokal: LMKokal@csi.com
(21) Paul Konrardy: dingfu@csi.com
(22) Bob Krabbe: ktr@aol.com or bob.krabbe@local2000.org
(23) Dennis McCarthy: DMccar8479@aol.com
(24) Ashley McNeely: amcneely@csi.com or local2000hnl@csi.com
(25) Craig Merilees: craig-judie@worldnet.att.net
(26) Anne Meyer: dingfu@csi.com
(27) Amy Norton: BevMoGirl@aol.com
(28) Debbie Nelson
(29) Ken Paff: KenMartha@aol.com
(30) Al Peterson: local2000bos@csi.com
(31) Greg Riffle: greg.riffle@local2000.org
(32) Jaki Ross: jaki.ross@local 2000.org
(33) Lou Rudy: 70633,3277@csi.com
(34) Simone Sagovac: ssagovac@hotmail.com
(35) Kathy Sandvik: kathysanvik@local2000.org
(36) Joe Scarcella: 70634,517@csi.com or jtscar@aol.com
(37) Eric Smatana: eric.smatana@local2000.org
(38) TDU Detroit: tdudetroit@lgc.org
(39) Randy Thompson: local2000mem@csi.com
(40) Anne Toombs: banana@lgcy.com
(41) Kristi Valenzuela: kristiseacat@csi.com
(42) Scott VanSpeybroeck: local2000chi@csi.com
(43) David Wilson: davidwilson@local2000.org